# Hamill, Appellant, *v.* Lancaster County.

*Negligence—Bridges—County bridge—Approach to bridge—By-law—Nonsuit.*

In an action against a county to recover damages for personal injuries sustained by the alleged negligence of the county in not maintaining a guard rail along the side of an approach to a county bridge, a nonsuit is properly entered where the evidence of the plaintiff shows that the accident did not occur on any part of the approach to the bridge, but did happen on a township road leading up to the approach of the bridge.

Argued May 19, 1909. Appeal, No. 159, Jan. T., 1909, by plaintiff, from order of C. P. Lancaster Co., April T., 1907, No. 37, refusing to take off nonsuit in case of Jennie Hamill v. The County of Lancaster. Before MITCHELL, C. J., FELL, BROWN, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before LANDIS, P. J.

The opinion of the Supreme Court state the facts.

*Error assigned* was refusal to take off nonsuit.

*C. E. Montgomery*, for appellant.

*N. Franklin Hall, John E. Malone* and *H. Frank Eshleman*, for appellee.

OPINION BY MR. JUSTICE ELKIN, June 22, 1909:

The learned trial judge gave this case such careful consideration and the reasons stated for the conclusion reached are so convincing that little need be said in affirmance of the judgment entered. The case has been argued here on the theory that the court below erred in not submitting to the jury the question whether or not the place at which the accident occurred was part of the approach to the county bridge. Many cases are cited to show that ordinarily the question of what constitutes an approach to a bridge is to be determined by the jury. That such is the rule no one will dispute. All authorities recognize it and the courts adopt it. The difficulty in the present case is that the plaintiff failed to introduce any evidence to show that the place where the accident occurred is now or ever was any part of the approach to the bridge. The burden is always on the complaining party to establish by sufficient affirmative testimony the negligence charged against the person or corporation sought to be made answerable in damages. The negligence charged in the first statement of claim was failure on the part of the defendant county to provide guard rails for the bridge. In the amended statement failure to provide and maintain guard rails on either side of the approach to the bridge is averred. In the original statement the span of the bridge was alleged to be from thirty to forty feet and the approaches from ten to fifteen feet; while in the amended statement the span of the bridge is stated to be from seventy-five to eighty feet, and the approach on the Lancaster county

side from thirty-five to forty feet. The pleader evidently had some doubt about what constituted the approach to the bridge and how far it extended into the township road. When the bridge was constructed the county made an approach extending from the end of the bridge a distance of twenty-one feet four inches, which was protected by wing walls three feet high. The township did some work on the public road leading from the tailrace to the wing wall, thus connecting the approach to the bridge built by the county with the public road. The accident occurred on the public road about halfway between the tailrace and the wing walls. The evidence produced by the plaintiff showed that the township had always exercised control and supervision over the highway at this point and that the county had not. The burden was on appellant to show that it was the duty of the county to maintain guard rails at the point of the accident, but instead of so doing she proved herself out of court by establishing the fact that it was the duty of the township, if any such duty rested on it, to protect the highway by maintaining proper guard rails there. It would have been the duty of the court to submit the question to the jury if there had been any evidence to show that the place where the accident occurred was part of the approach to the county bridge, but there was no such evidence, and the court very properly directed judgment of nonsuit to be entered.

Judgment affirmed.